UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT E. WILKINS, JR.,<br><br>   Plaintiff,<br><br>v.<br><br>CITY OF MERIDIAN; ANDREW HERSCOWITZ, individually and in his capacity as a police officer for Meridian Police Department; KENNETH CAYGLE KOHRING, individually and in his capacity as a police officer for Meridian Police Department; ROBERT YOUNG, individually and in his capacity as a police officer for Meridian Police Department; LANE AHL, individually and in his capacity as a police officer for Meridian Police Department; MARC RIGGS, individually and in his capacity as a police officer for Meridian Police Department; ASHLEY BONES, individually and in his capacity as a police officer for Meridian Police Department; and DOES I-X,<br><br>   Defendants. | Case No. 1:25-cv-00106-AKB<br><br>**INITIAL REVIEW ORDER** |

Pending before the Court is Robert Wilkins, Jr.'s Application for Leave to Proceed In Forma Pauperis (Dkt. 1), Complaint (Dkt. 2), and Motion for Stay Pending Ruling by the Idaho Supreme Court (Dkt. 3). Pursuant to 28 U.S.C. § 1915, this Court must review Plaintiff's request to determine whether he is entitled to proceed in forma pauperis, which permits civil litigants to proceed without prepayment of the full filing fee or to pay the filing fee over time. *Rice v. City of*

*Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Plaintiff's complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

For the reasons below, the Court denies Wilkins' Application for Leave to Proceed In Forma Pauperis without prejudice, dismisses his Complaint without prejudice, and denies his Motion for Stay as moot.

## I. APPLICATION TO PROCEED IN FORMA PAUPERIS

Any party instituting a civil action in a federal district court is required to pay a filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis. 28 U.S.C. § 1915. The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and that indicates he is unable to pay the fee required. *Id.* The affidavit is sufficient if it states the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents the "necessities of life." *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

The Court has reviewed Wilkins' in forma pauperis application. Wilkins' attached affidavit specifies no income or assets (Dkt. 1). Further, his application states he has and will not pay an attorney for assisting in this matter, but his complaint lists contact information for an attorney and

includes a request for attorney fees (*compare* Dkt. 1 at 5 *with* Dkt. 2 at ¶¶ 169, 180, 193, 203, 217, 228). Wilkins also reports having no expenses for food, clothing, shelter, or any other living expenses but does not explain how he is meeting basic life necessities (Dkt. 1). The Court is unable to determine how he is meeting his needs based on his application because it lacks particularity, definiteness, and certainty. Specifically, without complete information regarding his income and expenses, the Court cannot determine whether he can provide for himself. Accordingly, the Court denies his application to proceed in forma pauperis without prejudice. The Court will grant Wilkins leave to resubmit a complete application within thirty (30) days of issuance of this order or to pay the full filing fee. Any amended application should contain credible or plausible information regarding Wilkins' income, expenses, and other factors bearing upon his ability to pay the filing fee.

## II. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims

clearly and alleging facts sufficient to support review of each claim. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## III.   ANALYSIS

Wilkins makes civil rights allegations against the City of Meridian and several Meridian Police Department officers allegedly involved in Wilkins' arrest on September 14, 2022 (Dkt. 2 at ¶¶ 1-13, 17). Specifically, Wilkins asserts several civil rights claims under 42 U.S.C. § 1983: Defendants violated his constitutional rights under the Fourth and Fourteenth Amendments by unlawfully detaining and questioning him (Dkt. 2 at ¶¶ 165-169); Defendants violated his constitutional rights under the Fourth and Fourteenth Amendments by unreasonably and unlawfully searching and seizing Wilkins' identification without any reasonable articulable suspicion of criminal activity (*id.* at ¶¶ 175-180); Defendants violated his constitutional rights under the Fourth and Fourteenth Amendments by unreasonably and unlawfully searching Wilkins' vehicle without a warrant or any other lawful justification (*id.* at ¶¶ 186-193); Defendants violated his constitutional rights under the Fourth and Fourteenth Amendments by unreasonably and unlawfully searching Wilkins' vehicle with the use of a K9 police dog without any reasonable articulable suspicion of criminal activity (*id.* at ¶¶ 194-203); and other constitutional claims against individual police officers (*id.* at ¶¶ 218-228), among other claims. Wilkins also asserts the following related claims under Idaho law: Defendants violated Wilkins' constitutionally protected right to be free from unreasonable searches and seizures under Article 1, Section 17 of the Idaho Constitution (*id.* at ¶¶ 170-174, 181-185); and the City of Meridian was negligent in training,

supervising, and formulating policy and practices for law enforcement involved in Wilkins' arrest (*id.* at ¶¶ 204-212), among other claims.

After filing his complaint, Wilkins moved to stay the case pending his appeal of his criminal case to the Idaho Supreme Court (Dkt. 3). He states a decision on his state court appeal could "significantly impact the resolution of the issues raised in this case," including the "legality of impoundment and inventory searches by law enforcement, which directly pertain to the claims at issue in this case" (*id.* at 1-2). While Wilkins does not provide a citation to his state criminal case, he represents that this appeal is still ongoing (*id.*). The record demonstrates his state appeal relates to the claims he raises in his instant complaint here—mainly, that Defendants' conduct before and during Wilkins' arrest was unlawful (*id.*).

The Court notes that in a previous case in the U.S. District Court for the District of Idaho, a defendant by the same name (Robert Wilkins) raised similar claims against the Meridian Police Department and several of the same defendants Wilkins names in this case. *Wilkins v. Meridian Police Dep't, et al.*, Case No. 1:22-cv-00531-DCN, Complaint (D. Idaho Dec. 30, 2022). The Court dismissed Wilkins' complaint without prejudice after he failed to comply with General Order 342, which sets requirements for prisoner civil rights complaints, and he failed to file an amended complaint. *Wilkins*, Case No. 1:22-cv-00531-DCN, Order of Dismissal (D. Idaho Jul. 27, 2023). Later, a defendant by the same name separately filed a Petition for Writ of Habeas Corpus under 28 U.S.C. §2241, challenging various decisions of the state court overseeing his criminal case. *Wilkins v. State of Idaho*, Case No. 1:23-cv-00446-CWD, Initial Review Order, at *1 (D. Idaho Jan. 12, 2024). The Court dismissed his complaint without prejudice because he had not exhausted his claims in state court, and he did not establish whether special circumstances excused

his compliance with this requirement. *Id.* at 3. The Court explained "[t]he exhaustion doctrine requires that a petitioner give the state courts, through the designated appellate process, 'a full and fair opportunity to resolve federal constitutional claims' before bringing those claims to federal court." *Id.* at 2 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Similar principles apply to Wilkins' instant case. Challenges to ongoing state criminal proceedings are subject to dismissal pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the United States Supreme Court reiterated the importance of the principle of comity between state and federal courts, holding that federal courts generally must abstain from hearing civil rights claims related to pending state criminal cases. Adjudicating such claims is allowed only in the rarest of circumstances—that is, where "the threat to the plaintiff's federally protected rights . . . cannot be eliminated by his defense against a single [state] criminal prosecution." *Id.* at 46.

A federal court should abstain under *Younger* if three factors are present: (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate an important state interest; and (3) there must be an adequate opportunity in the state proceeding to raise the constitutional challenge. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Where abstention is appropriate, a federal court may still entertain an action when "extraordinary circumstances" are present, including: (1) where irreparable injury is both "great and immediate," *Younger*, 401 U.S. at 46; (2) where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53-54; or (3) where there is a showing of "bad faith, harassment, or any other unusual circumstances that would call for equitable relief," *id.* at 54.

**INITIAL REVIEW ORDER - 6**

This Court declines to hear Plaintiff's claims because all three *Younger* factors indicate abstention is required, and Plaintiff has failed to show his circumstances warrant an exception. Wilkins explains that he is still pursuing an appeal of his criminal conviction in state court (Dkt. 3). While Wilkins does not provide a case number to his pending state criminal case, public records indicate this is likely *Idaho v. Wilkins*, CR01-22-30635. *See Wilkins v. State of Idaho*, Case No. 1:23-cv-00446-CWD, Petition (D. Idaho Oct. 11, 2023). Public records indicate the appeal of this case is still ongoing, which Wilkins also represents in his filings in this case (Dkt. 3). Wilkins fails to explain how his charges implicate an important state interest that warrants an exception to *Younger*, and he fails to allege any other circumstances that justify a departure.[1]

Accordingly, the Court dismisses Plaintiff's claims because, based on his submissions, his state criminal proceedings are still ongoing. If Wilkins chooses to amend his Complaint, he should explain the current status of the charges against him (including all charges for which he was found guilty or not guilty), citations regarding any related state proceeding, and why the adjudication of his claims by this Court would not be contrary to *Younger*.

---

[1] Wilkins does not explain whether an Idaho state court convicted him of charges, or the status of those charges on appeal. To the degree the final disposition of his state charges ends with his conviction or sentence, his claims under 42 U.S.C. § 1983 related to those charges may be limited under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). With respect to past criminal convictions, the Supreme Court has held that any civil rights claim that would "render a conviction or sentence invalid . . . is not cognizable under § 1983." *Heck*, 512 U.S. at 486-87. As a result, if a favorable verdict in a civil rights action would necessarily imply the invalidity of a plaintiff's conviction, the plaintiff must first prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. Since Wilkins' appeal is ongoing, and the final disposition of his state charges is unclear, the Court cannot make a determination on this issue.

## IV. ORDER

**IT IS ORDERED that:**

1. Robert Wilkins' Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is **DENIED WITHOUT PREJUDICE**. Wilkins may file an updated in forma pauperis application that includes credible or plausible information regarding his income, expenses, and other factors bearing upon his ability to pay the filing fee, or he may pay the full filing fee. Any future in forma pauperis application must be filed within thirty (30) days of the issuance of this Order. Failure to submit an updated application or pay the full filing fee within thirty days of this Order will result in dismissal of this case without prejudice and without further notice.

2. Robert Wilkins' Complaint (Dkt. 2) is **DISMISSED WITHOUT PREJUDICE**. The Court grants Wilkins leave to file an Amended Complaint that explains the current status of the charges against him (including all charges for which he was found guilty or not guilty), provides citations regarding any related state proceeding, and explains why the adjudication of his claims by this Court would not be contrary to *Younger v. Harris*, 401 U.S. 37 (1971). Wilkins must file his Amended Complaint within thirty (30) days of the issuance of this Order. Failure to submit an Amended Complaint within the ordered timeframe will result in full dismissal of this case without prejudice and without further notice.

3. Robert Wilkins' Motion to Stay (Dkt. 3) is **DENIED AS MOOT.**

DATED: May 15, 2025

Amanda K. Brailsford
U.S. District Court Judge